IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNA M. HILL, on behalf of Dwayne Hill, )
        Plaintiff, )
)
vs. ) Civil Action No. 12-1697
)
PENNSYLVANIA DEPARTMENT OF )
CORRECTIONS, et al., )
        Defendants. )

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that this case be dismissed for lack of standing.

II. Report

Plaintiff, Donna M. Hill, has initiated the above-captioned action by filing a motion to proceed in forma pauperis, which has been granted. She brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to the serious medical needs of her husband, incarcerated prisoner Dwayne Hill, in violation of his rights under the Eighth and Fourteenth Amendments. However, upon review, the Court concludes that the case should be dismissed for Plaintiff's lack of standing to bring claims on behalf of her husband.

Facts

Plaintiff is a United States citizen and a resident of the Commonwealth of Pennsylvania. Her husband, Dwayne Hill, is an inmate currently incarcerated at the State Correctional Institution at Houtzdale, Pennsylvania (SCI Houtzdale) and, she alleges, is in a diminished mental state as a result of the actions alleged herein. (Compl. ¶ 3.) She alleges that Defendants were deliberately indifferent to her husband's serious medical needs when they stopped giving

him his medication and removed him from his prescribed mental health Z-code (single cell) status based upon a non-medical reason, leading to serious problems. She names as defendants the Pennsylvania Department of Corrections (DOC), John Wetzel (Secretary of the DOC), Steven Glunt (Superintendent of SCI Houtzdale), Dr. Khatri (a psychiatrist at the prison), Psychologist Walmer (who works at the prison), and Errigo (a psychologist's assistant at the prison).

First, she alleges that her husband was placed in a double cell and he became so stressed out that he set a mattress on fire, which resulted in him being sent to the Restricted Housing Unit (RHU) for six months. (Compl. ¶ 15.) Then she alleges that he was released from the RHU and again put in a double cell, but he was charged with allegedly assaulting a guard, and was placed on the Restricted Release List (RRL), an indefinite RHU status that can only be altered by the Secretary of Corrections. (Compl. ¶¶ 22-23.) He went on a hunger strike for over two months, but prison officials did not force feed him or intervene in any way. (Compl. ¶ 24.) She alleges that most of his personal property has been either confiscated or stolen; that he has been held in a stripped cell for almost a month; that he reported staff spitting in his coffee and food and placing disinfectant in his food; that they denied him medical treatment for acute staff poisoning; and that the staff suspended all mail and visiting privileges between Hill and his wife. (Compl. ¶ 28.)[1]

Plaintiff states that, by practice, each state correctional institution has one psychiatrist and one licensed psychologist; that the licensed psychologist has a number of assistants or individuals with only a master's degree assigned to each inmate housing unit, who is vested with the authority over mental health referrals, recommendations and suicide precautions; and that

---

[1] Plaintiff's allegations concerning the revocation of her visiting privileges are the subject of a separate lawsuit, Civ.A.No. 12-1145, currently pending in this Court.

2

while some state law allows some licensed psychologists to have interns or assistants, at a minimum, they must have a doctor's degree and be in a graduate training program for psychology. (Compl. ¶¶ 29, 33.) Despite this, she alleges that Defendant Walmer, the licensed supervising psychologist at SCI Houtzdale, has never met her husband; that Defendant Errigo was assigned to Dwayne Hill's case and is a psychology assistant of Walmer's; that Errigo has only a master's degree; and that Errigo recommended that Dwayne Hill be double celled without note of a future plan of treatment. She further alleges that due to the case load Walmer cannot properly supervise his assistants in the treatment of the entire prison alone. (Compl. ¶¶ 30-32, 34-35.)

Procedural History

Plaintiff initiated this action by filing a motion to proceed in forma pauperis on November 20, 2012 (ECF No. 1). The motion to proceed IFP was granted on November 26, 2012 and the complaint was filed on November 27, 2012 (ECF No. 2). The Complaint purports to raise civil rights claims under 42 U.S.C. § 1983 against the Defendants for alleged violations of Dwayne Hill's Eighth and Fourteenth Amendment rights, as well as state law claims of negligence and mental anguish. As relief, Plaintiff seeks: an injunction restraining Defendants from employing unlicensed or unqualified mental health staff; an injunction restraining Defendants from enforcing Dwayne Hill's RRL status or removing him from it; an injunction restraining Defendants from involuntarily placing him in a double cell and/or the RHU as punishment for the symptoms of his mental illness as an alternative to providing mental health care; compensatory damages; punitive damages; and such other relief as it may appear that she is entitled to receive.

Standard of Review

Federal courts are authorized to permit the filing of a case without prepayment of the filing fee, by a person who submits an affidavit that includes a statement of all assets the person possesses that the person is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). However, the statute also provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Having reviewed the allegations of the complaint, the Court concludes that Plaintiff lacks a necessary element to prosecute it, namely standing.

The Court of Appeals for the Third Circuit has explained that:

> Courts are obligated to raise the issue of standing sua sponte. See FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996) (courts have independent obligation to ensure that federal jurisdiction is present). The party invoking federal jurisdiction bears the burden of establishing the elements of standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Frempong v. National City Bank of Ind., 452 Fed. Appx. 167, 170 (3d Cir. 2011).

The Court of Appeals has also held that "a person does not have standing to vindicate the constitutional rights of a third party." James v. York County Police Dept., 160 Fed. Appx. 126, 131 (3d Cir. 2005) (citing Barrows v. Jackson, 346 U.S. 249, 255 (1953)). See also Stukes v. Knowles, 229 Fed. Appx. 151, 152 n.1 (3d Cir. 2007); Weaver v. Wilcox, 650 F.2d 22, 27 (3d

4

Cir. 1981).

In addition, federal law provides that "parties may plead and conduct their own cases personally or counsel as, by the rules of [federal] courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The Court of Appeals for the Third Circuit (and other courts) have held that this statutory right to proceed pro se applies <u>only</u> to a party in his or her own right, and not to non-attorneys who attempt to appear on behalf of individuals other than themselves. <u>Williams v. United States</u>, 477 Fed. Appx. 9, 11 (3d Cir. 2012); <u>In re Radogna</u>, 331 Fed. Appx. 962, 964 (3d Cir. 2009); <u>Osei-Afriyie v. Medical College of Pa.</u>, 937 F.2d 876, 882-83 (3d Cir. 1991).

Although Plaintiff indicates in the caption that she brings this case "on behalf of" her husband, she has not alleged that she has been appointed as his legal representative. Moreover, even if she had alleged and demonstrated that she had been appointed in that capacity, she still could not appear in federal court to allege violations of his constitutional rights because she is not a lawyer. Rather, he would have to appear through counsel.

For these reasons, it is recommended that this case be dismissed for lack of standing.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within the time specified in the Notice of Electronic Filing. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will waive the right of appeal.

                Respectfully submitted,

                s/Robert C. Mitchell
                ROBERT C. MITCHELL
                United States Magistrate Judge

Dated: November 28, 2012

cc: Donna M. Hill
348 Country Club Road
Apt. 2
Washington, PA 15301-2712